Dear Mr. Jones:
This office is in receipt of your opinion request dated May 12, 1992, which has been assigned to me for research and reply. Your request concerns the lawfulness of proxy representation for a member of the Lafayette Municipal Fire and Police Civil Service Board.
The population of the Lafayette municipality, which is served by the Lafayette Municipal Fire and Police Civil Service Board, is approximately 100,000. Accordingly, the laws governing municipalities between 13,000 and 250,000 are to be applied to the Lafayette Municipal Fire and Police Civil Service Board. These laws are found in the provisions of LSA-R.S. 33:2471, et. seq.
LSA-R.S. 33:2476 provides for the creation of municipal fire and police civil service boards. LSA-R.S. 33:2476(M), which provides for the appropriate procedures at board meetings, makes no mention of whether proxy representation is allowed by board members.
Because this enabling statute for the Lafayette Municipal Fire and Police Civil Service Board does not specifically authorize the use of proxy representation by its members, the general statutory prohibition in Louisiana against proxy representation is applicable. LSA-R.S. 42:5(B) states:
 "Each public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of R.S. 42:41 through R.S. 42:8." (Emphasis added).
The Lafayette Municipal Fire and Police Civil Service Board is a "public body" as defined in LSA-R.S. 42:4.2(A)(2):
 "`Public body' means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph." (Emphasis added).
Proxy representation by a member of a public body, such as the Lafayette Municipal Fire and Police Civil Service Board, is clearly prohibited regardless of whether it is in written or oral form.
The prohibition against proxy voting does not apply in certain informal situations. LSA-R.S. 42:4.2(B) states:
 "The provisions of R.S. 42:4.2 through R.S. 42:12 shall not apply to chance meetings or social gatherings of members of a public body at which there is no vote or other action taken, including formal or informal polling of the members."
Although a member of the Board may be informally represented, that representative is without any authority to act in any formal capacity on behalf of the absent member. See Attorney General Opinion Number 81-1156, a copy of which is attached.
The general prohibition found in LSA-R.S. 42:5(B) applies to all public officials unless there is a statutory exception which specifically authorizes proxy representation. LSA-R.S. 42:1
defines the term "public office" and states:
 "As used in this title, the term `public office' means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state. `Public officer' is any person holding a public office in this state". (Emphasis added).
Thus, the general prohibition against proxy representation applies to all elected and appointed members of a public body.
In general, proxy representation is prohibited in Louisiana unless expressly permitted by statute. There is no provision which allows proxy representation by appointed or elected board members of the Lafayette Municipal Fire and Police Civil Service Board. Therefore, these members are prohibited from using proxy representation at any formal meetings.
Finally, there are certain statutory exceptions to the general law prohibiting proxy voting. For example, the Workmen's Compensation Second Injury Board is permitted alternates at board meetings. LSA-R.S. 23:1373(A) states, in part:
 ". . . Any member of the board may be represented at any meeting by an alternate designated by the member in writing prior to the commencement of such meeting."
Please see Attorney General Opinion Number 78-1144, attached, which discusses this statutory exception to the general prohibition against proxy voting.
We hope this interpretation of the law will be helpful to you. Should you have further inquiries, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0085E